IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02357-REB-KLM

PATRICK McGUIRE,

   Plaintiff,

v.

AARGON AGENCY, INC.,

   Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

*On August 27, 2019, the Court set the Scheduling Conference for November 6, 2019 at 9:30 AM in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado before Magistrate Judge Kristen L. Mix.*

| | |
|---|---|
| Joseph S. Davidson<br>Mohammed O. Badwan<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-575-8181<br>jdavidson@sulaimanlaw.com<br>mbadwan@suliamanlaw.com<br><br>*Counsel for Patrick McGuire* | David J. Kaminski<br>CARLSON & MESSER LLP<br>5901 West Century Boulevard<br>Suite 1200<br>Los Angeles, California 90045<br>+1 310-242-2200<br>kaminskd@cmtlaw.com<br><br>*Counsel for Aargon Agency, Inc.* |

### 2. STATEMENT OF JURISDICTION

*The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.*

1

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff(s)*: On August 19, 2019, Plaintiff filed this case against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 et seq., Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(2), e(5) and e(10) by falsely suggesting that interest will accrue on Plaintiff's delinquent Denver Health & Hospital Facility obligation absent payment. By including "Interest Accrued" – even showing $0.00 – could imply the future accrual of interest. Plaintiff's account balance, however, was not varying over time – this debt was not accruing interest.

b. *Defendant*: Defendant denies that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. Defendant further denies that it falsely suggested that interest would accrue on Plaintiff's Denver Health & Hospital Facility debt.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

None.

## 5. COMPUTATION OF DAMAGES

a. *Plaintiff*: As a result of Defendant's violation(s) of 15 U.S.C. §§ 1692e(2), e(5) and e(10), Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.

b. *Defendant*: Defendant requests the following relief: Defendant will seek to dismiss Plaintiff's case with prejudice, and seek to recover defense attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## 6. REPORT OF PRECONFERENCE
## DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

*October 8, 2019.*

b. Names of each participant and party he/she represented.

| | |
|---|---|
| Joseph S. Davidson | David J. Kaminski |
| SULAIMAN LAW GROUP, LTD. | CARLSON & MESSER LLP |
| 2500 South Highland Avenue | 5901 West Century Boulevard |
| Suite 200 | Suite 1200 |
| Lombard, Illinois 60148 | Los Angeles, California 90045 |
| +1 630-575-8181 | +1 310-242-2200 |
| jdavidson@sulaimanlaw.com | kaminskd@cmtlaw.com |
| *Counsel for Patrick McGuire* | *Counsel for Aargon Agency, Inc.* |

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*Rule 26(a)(1) disclosures will be made on or before October 22, 2019.*

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

*None.*

e. Statement concerning any agreements to conduct informal discovery:

*None.*

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

~~*None.*~~ Parties shall use a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

*The parties do not anticipate that their claims or defenses will involve extensive*

   *electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.* See Addendum.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

  *None.*

### 7. CONSENT

  All parties ☐ [have] ■ [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

  *Two (2) depositions ~~each~~ per side.*

b. Limitations which any party proposes on the length of depositions.

  *Seven (7) hours each.*

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

  *Twenty-five (25) ~~each~~* 25 rfps + 25 rfas per side.

d. Other Planning or Discovery Orders

  *No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.* See Addendum.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

*December 20, 2019.*

b. Discovery Cut-off:

*June 9, 2020.*

c. Dispositive Motion Deadline:

*July 9, 2020.*

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

   ~~*March 18, 2020.*~~ *None.*

2. Limitations which the parties propose on the use or number of expert witnesses.

   ~~NONE.~~ *One expert per side, absent for the leave of ct.*

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *April 15, 2020.*

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *May 13, 2020.*

e. Identification of Persons to Be Deposed:

*Plaintiff* — *∆ will depose π* — *Who does ∆ intend to depose?*

*Defendant's Fed. R. Civ. P. 30(b)(6) corporate representative*

f. Deadline for ^(Service of) Interrogatories:

*April 3, 2020.*

g. Deadline for ^(service of) Requests for Production of Documents and/or Admissions

*April 3, 2020.*

5

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

*As needed.*

b. A final pretrial conference will be held in this case on *a date to be determined by Judge* at o'clock ___ m. A Final *Blackburn* Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

*None at this time.*

b. Anticipated length of trial and whether trial is to the court or jury.

*Plaintiff: 2 to 3 days. Trial is to jury.*

*Defendant: 2 to 3 days. Court Trial.*

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

*None at this time.*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR

6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this ___November 6___ day of _____, 2019.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Joseph S. Davidson                    /s/ David J. Kaminski

Joseph S. Davidson                         David J. Kaminski
SULAIMAN LAW GROUP, LTD.                   CARLSON & MESSER LLP
2500 South Highland Avenue                 5901 West Century Boulevard
Suite 200                                  Suite 1200
Lombard, Illinois 60148                    Los Angeles, California 90045
+1 630-575-8181                            +1 310-242-2200
jdavidson@sulaimanlaw.com                  kaminskd@cmtlaw.com

*Counsel for Patrick McGuire*              *Counsel for Aargon Agency, Inc.*

Civil Action No. _19-cv-2357-REB-KLM_

---

### ADDENDUM TO SCHEDULING ORDER
---

IT IS HEREBY **ORDERED** as follows:

1. The parties shall adhere to the Sedona Principles regarding disputes relating to electronic discovery. See www.thesedonaconference.org.

2. The discovery cut-off date is the deadline for completing discovery *and* the deadline for making discovery motions.

3. The parties shall file a proposed Order under F.R.E 502(d) on or before _November 20, 2019_

4. The parties shall file a joint status report explaining in detail their efforts to settle the case on or before _June 30, 2020_.

5. All discovery motions shall be made in compliance with Magistrate Judge Mix's discovery procedures. See www.cod.uscourts.gov.


Dated: _November 6, 2019_


_____
Kristen L. Mix
United States Magistrate Judge