## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02357-REB-KLM

PATRICK MCGUIRE,

   Plaintiff,

v.

AARGON AGENCY, INC.,

   Defendant.

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, PATRICK MCGUIRE, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, AARGON AGENCY, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. PATRICK MCGUIRE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1144 Monroe Street, Denver, Colorado 80206.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. AARGON AGENCY, INC. ("Aargon") is a foreign corporation with its principal place of business located at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

7. Aargon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Aargon is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Aargon is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On July 14, 2018, Denver Health & Hospital Authority rendered medical services to Plaintiff.

11. Plaintiff agreed to be financially responsible to Denver Health & Hospital Authority.

12. Said agreement specified:

> **DELINQUENT ACCOUNTS:** *** Interest on delinquent balances will be charged at the lower of 12% per annum or the highest rate allowed by law.

13. These services generated certain bills.

14. Those bills, once unpaid, were turned over to Aargon.

15. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5) as they relate to an *unpaid* obligation to pay money arising out of a transaction in which the medical

services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. On February 25, 2019, Aargon sent an initial written correspondence (the "February 25th Letter") in an attempt to obtain payment on behalf of Denver Health & Hospital Facility.

17. The February 25th Letter stated:

> Your overdue account with Denver Health & Hospital Facility has been placed with this office for collection.
>
> \*\*\*
>
> As of the date of this letter, you owe the total due listed above. Because of the interest that may vary from **day to day** the amount due on the day you pay may be greater.

(emphasis added).

18. The February 25th Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The February 25th Letter conveyed information regarding Plaintiff's delinquent obligation to Denver Health & Hospital Facility.

20. On July 3, 2019, Aargon sent another written correspondence (the "July 3rd Letter") in an attempt to obtain payment on behalf of Denver Health & Hospital Facility.

21. The July 3rd, 2019 Letter stated:

| DELINQUENT ACCOUNT | |
| --- | --- |
| Amount Owed: | $1,738.40 |
| Interest Accrued: | $0.00 |
| Your Payments: | -   $300.00 |
| **Total Balance Due:** | **$1,738.40** |

22. The July 9th Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The July 9th Letter conveyed information regarding Plaintiff's delinquent obligation to Denver Health & Hospital Facility.

24. Aargon's representations caused Plaintiff to question whether Plaintiff's $300.00 in payments were properly applied to Plaintiff's outstanding obligation.

25. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Aargon's unlawful collection practices stopped.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692e**

27. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

28. On February 25, 2019, Aargon violated 15 U.S.C. § 1692e(10) by falsely representing that interest will vary from day to day when interest is fixed at 12% annually.

29. By initially stating "Amount Owed: $1,738.40" then "Your Payments: -

**$300.00**" before "Total Balance Due: $1,738.40,"

    30.    On July 3, 2019, Aargon further violated 15 U.S.C. § 1692e(10) by stating:

| DELINQUENT ACCOUNT | |
|---|---:|
| Amount Owed: | $1,738.40 |
| Interest Accrued: | $0.00 |
| Your Payments: | -   $300.00 |
| **Total Balance Due:** | **$1,738.40** |

in that Plaintiff was confused and questioned whether Plaintiff's Total Balance Due should be reduced by $300.00.  Plaintiff was confused and questioned (1) whether Plaintiff's previous $300.00 payments were properly applied; and (2) whether Plaintiff's "Total Balance Due" should be reduced by $300.00.

    30.    Although the word "confusing" does not appear in section 1692e, courts have "interpreted the FDCPA to prohibit confusing presentations."  *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018).  Under this standard, a letter might be literally true, but still be misleading or confusing.  *Id* at 344.

    31.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Aargon violated 15 U.S.C. § 1692e(10);

B.  an award of any actual damages sustained by Plaintiff as a result of Aargon's violation(s);

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 31, 2020

Respectfully submitted,

**PATRICK MCGUIRE**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com